■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIT SHIWLOCHAN, Appellant. [676 NYS2d 475] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered September 30, 1992, convicting him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WASHINGTON, Appellant. [676 NYS2d 475] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered September 28, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing concurrent indeterminate sentences of 20 years to life and 5 to 15 years imprisonment, respectively.

Ordered that the judgment is modified as a matter of discretion in the interest of justice, by reducing the sentence imposed upon the defendant's conviction of murder in the second degree from 20 years to life imprisonment to 15 years to life imprisonment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

However, the defendant's sentence was excessive to the extent indicated herein.

The defendant's remaining contentions are unpreserved for appellate review. Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.